IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MORRIS R. EVANS                                                              PLAINTIFF

vs.                                                      CIVIL ACTION NO. 1:13-cv-0076-SAA

CAROLYN W. COLVIN[1],
COMMISSIONER OF SSA                                                          DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the applications of plaintiff Morris R. Evans for disability insurance benefits (DIB) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI. Evans filed his applications on September 3, 2010, asserting an onset date of October 2, 2009. Docket 7, p. 158-165. The Commissioner denied his claim initially and on reconsideration. Docket 7, pp. 103-107, 108-112, 114-116, 117-119. Plaintiff challenged the denial of benefits and filed a request for a hearing before an Administrative Law Judge (ALJ). Docket 7, pp. 127-128. He was represented by a non-attorney representative at the administrative hearing on March 13, 2012. Docket 7, p. 47-78. The ALJ issued an unfavorable decision on April 13, 2012. Docket 7, p. 9 - 17. The Appeals Council denied his request for review. Docket 11, p. 1-3. Plaintiff filed the instant appeal, and it is now

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Rule 25(d) of the Federal Rules of Civil Procedure allows the substitution of Colvin for Michael J. Astrue as the defendant in this suit. Fed. R. Civ. P. 25(d). No further action need be taken to continue this suit by reason of the last sentence of section 205 of the Social Security Act, 42 U.S.C. §405(g).

ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on April 23, 1986 and was twenty five years old on the date of the ALJ's hearing decision. Docket 7, p. 19. He completed high school at age twenty one. Docket 7, p. 34. He was previously employed as an assembler of armored vehicles, a production assembler, and a warehouse worker. Docket 7, pp. 15, 195. He claimed disability due to an accident involving a BB gun which resulted in hand-motion-only blindness in the right eye and headaches. Docket 7, pp. 12, 194.

The ALJ determined that plaintiff suffers from "severe" impairments of macular scar and band keratopathy of the right eye which cause near blindness of the right eye. Docket 7, pp. 12, Finding No. 3. Despite finding he had a severe impairment(s), the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). Docket 7, p.12-13, Finding No. 4. The ALJ looked to the evidence in the record, the opinions of consultative examining physician Christopher Davis, M.D. and another examining ocular physician at the Eye and Laser Center, along with the plaintiff's testimony, to conclude that plaintiff retained the residual functional capacity [RFC] to

> perform a full range of work at all exertional levels but with the following non-exertional limitations: no jobs requiring binocular vision. If extensive reading (two or three hours at a time) is involved in any job, allow five minutes every hour for other work tasks.

Docket 7, pp. 13, Finding No. 5. The ALJ found the plaintiff's subjective complaints less than

fully credible and that his allegations of stringent functional limitations were greatly disproportionate to the objective medical evidence.  Docket 11, pp. 14-15.

Relying on the testimony of a vocational expert ("VE"), the ALJ held that plaintiff's "severe" impairments prevented him from returning successfully to any past relevant work. Docket 7, p. 15, Finding No. 6.  The ALJ then found that considering the plaintiff's age, education, work experience and RFC, jobs exist in significant numbers in the national economy that the plaintiff is capable of performing.  Docket 7, p. 16, Finding No. 10.  Examples of these jobs included a box bender, a bag loader and a laundry laborer.  Docket 7, p. 16.  Accordingly, the ALJ determined that the plaintiff was not disabled as defined by the Social Security Act.  Docket 7, pp. 16-17. Finding No. 11.

The plaintiff requested review by the Appeals Council.  Docket 7, p. 5.  After reviewing the record, the Appeals Council denied plaintiff's request for review because there was no basis for changing the ALJ's decision.  Docket 7, p. 1.  Plaintiff now appeals to this court, *pro se*, claiming the ALJ's decision was not supported by substantial evidence.  Docket 12.

## II.  STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2]  The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3]  First,

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

3

plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[5] At step three, the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize

---

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[5] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[6] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[8] 20 C.F.R. §§ 404.1520(g), 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

4

the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). This court has limited power of review and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11]

In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

The court generally applies less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construes the briefs of *pro se* litigants. *Golden v.*

---

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

*Comm'r of Soc. Sec.*, Civil Action No. 3:07CV161-M-A, 2009 WL 2986707 (N.D. Miss. Sept. 15, 2009), citing *Sanders v. Barnhart,* 105 Fed.Appx. 535, 537 (slip op.) (5th Cir.2004). Nevertheless, *pro se* litigants are not relieved of the responsibility of adequately briefing the issues and reasonably complying with the requirements of both the Social Security Act and applicable court rules. *Id.* The court finds that the plaintiff has complied with applicable requirements, and the court has considered the entirety of record in determining this case.

In this case, the plaintiff asserts that he is disabled due to severe, disabling headaches and blindness in his right eye. The plaintiff's general argument is simply that he is entitled to Social Security disability benefits. Regardless of the fact that he is proceeding *pro se,* the plaintiff bears the ultimate burden of proof on the issue of disability. *Kraemer v. Sullivan,* 885 F.2d 206, 204 (5th Cir.1989). Relying on his own testimony and assertions, plaintiff insists that standing for prolonged periods of time and having to focus causes headaches which can take hours to diminish and go away. *See* Doc. 12, pp. 1-2. He earnestly asserts that he gets dizzy and light-headed. *Id.* In essence, plaintiff sincerely believes that he should be awarded benefits based solely on these subjective complaints. *Id.*

Plaintiff has the burden of proving his disability. See 20 C.F.R. §§ 404.1512(a), 416.912(a); see also *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. Miss. 1992) ("The claimant has the burden to prove that [he] is disabled within the meaning of the Social Security Act."). To meet this burden, however, a plaintiff has the duty to furnish objective medical or other sufficient evidence that the Commissioner may rely upon to reach a conclusion about an impairment and its effect on his ability to work. 20 C.F.R. §§ 404.1512(a), 416.912(a). Unfortunately for plaintiff, his testimony about his symptoms or uncorroborated subjective complaints, alone, are not enough

to establish an impairment nor is it sufficient to conclusively establish existence of a disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1508, 404.1528(a), 416.908, 416.928(a). "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler,* 707 F.2d 211, 215 (5th Cir. 1983), citing *Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir. 1977).

In this case the medical evidence in the record does establish that plaintiff has suffered from macular scar and band keratopathy of the right eye resulting in near blindness of the right eye. Docket 7, pp. 208-209, 210 - 212, 217-220. In his decision the ALJ carefully considered the medical evidence, plaintiff's testimony, and the testimony of a vocational expert ("VE"), William Selby. He determined that the plaintiff retained the RFC to perform work at all exertional levels, although he suffered non-exertional limitations, including no binocular vision and hourly breaks for five minutes if any job requires reading for extensive periods of time. Docket 7, p. 13. Based on this RFC, the ALJ determined that the plaintiff was unable to unable to perform his past relevant work, but he was able to perform other work found in significant numbers in the national economy, including as a bag loader, box bender or laundry laborer. *Id.* at 16. Consequently, the plaintiff was not disabled as defined by the Act. *Id.*

The ALJ's RFC determination incorporates the limitations expressed by the examining physicians, and the court finds that it is consistent with the medical opinions contained in the record. The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Social Security Ruling (SSR) 96-5p, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (ALJ is responsible for determining RFC). After thorough review of the

record and the case as a whole, the court finds that ALJ properly based his RFC finding on the entire record. Docket 7, pp. 16-18. *See* SSR 96-8p. The court holds that plaintiff's arguments must fail because the ALJ's decision was supported by substantial evidence and should be affirmed.

## IV. CONCLUSION

After carefully reviewing the evidence presented to the ALJ, the Appeals Council and the record as a whole, the court holds that the ALJ's opinion was supported by substantial evidence, and the decision of the Commissioner should be affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 3rd day of December, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE